IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARY McKAIN,<br><br>               Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation,<br><br>               Defendant. | CV 21–100–M–DWM<br><br><br>ORDER |

      Defendant Safeco Insurance Company ("Safeco") filed a notice of removal of the underlying civil action in Montana District Court in Lake County. (Doc. 1.) The underlying state court action was filed by Plaintiff Mary McKain against Safeco, seeking a declaration that Safeco breached its contract with McKain when it refused to pay her $48,719.00 in damages she allegedly sustained from a water leak in her home. (*See generally* Doc. 1-1.) In its removal notice, Safeco avers that subject matter jurisdiction exists because the parties are diverse and the amount in controversy exceeds $75,000. (Doc. 1 at ¶ 5.) Safeco asserts that the amount is sufficient because McKain seeks $48,719.00 and "[s]hould this case proceed to trial, the amount of attorney fees would likely exceed $26,281.00 resulting in a total amount in controversy of over $75,000.00." (*Id.* ¶ 12.)

1

The Court has a sua sponte duty to consider whether it has jurisdiction over a matter. *See Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived . . . the district court must remand if it lacks jurisdiction."). "Attorneys' fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (quotations omitted). Safeco is correct that Montana recognizes an "insurance exception" to the American Rule whereby an insured who is forced to assume the burden of a legal action to obtain the benefit of an insurance contract is entitled to recover attorney fees. *See Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1006–07 (9th Cir. 2006). But here, despite Safeco's assertions to the contrary, there is a question as to whether the amount in controversy may be satisfied by an amount of prospective fees that has not yet been realized. The Ninth Circuit has not definitively answered that question. *See Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n.2 (9th Cir. 2016). There is a split in opinion on the issue, but a number of district courts, including in this District, have held that such prospective fees should not be included in the amount in controversy calculation. *See Julber v. Premera Blue Cross*, 2017 WL 3425179, *2 (D. Or. Aug. 8, 2017) (discussing circuit split).

In the absence of clear authority otherwise, this District has "concluded that attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes," even if the insurance exception to the American Rule may be applicable after a ruling on the merits. *Byorth v. USAA Cas. Ins. Co.*, 2015 WL 5022899, *5 (D. Mont. Aug. 21, 2015); *see also Sherman v. Nationwide Mut. Ins. Co.*, 2013 WL 550265, *2 (D. Mont. Jan. 15, 2013) (concluding that the amount in controversy requirement was not met after plaintiffs filed an affidavit stating they would not seek to recover damages in state court in excess of $75,000, despite the possibility of fees under the insurance exception to the American Rule). This approach is consistent with the "well-settled [principle] that jurisdiction in a diversity case is determined at the time of removal." *Byorth*, 2015 WL 5022899, at *3. Based on the current pleadings before the Court, it does not appear that the amount in controversy requirement is met.

Accordingly, IT IS ORDERED that Safeco must show cause why this matter should not be remanded to the state district court for lack of jurisdiction. Safeco's response shall be due no later than September 30, 2021.

DATED this 17th day of September, 2021.

_____
Donald W. Molloy, District Judge
United States District Court

3